**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                              **Petitioner,**

        v.                                             **CASE NO. 22-3023-SAC**

**NEOSHO COUNTY DISTRICT COURT,**

                              **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which is granted. The Court also has conducted an initial review of the amended petition and will direct Petitioner to show cause why this matter should not be dismissed without prejudice so that he may exhaust available state-court remedies.

**Background**

According to the online records of the Neosho County District Court (NCDC), on July 18, 2018, Petitioner pled guilty to felony theft in case number 2017-CR-547 (the 2017 case). In September 2018, Petitioner was charged in the NCDC with felony drug possession and misdemeanor drug possession in case number 2018-CR-425 (the 2018 case). In November 2018, Petitioner was sentenced in the 2017 case to probation with an underlying sentence of 10 months' imprisonment.

In January 2019, Petitioner was charged in case 2019-CR-71 (the 2019 case) with felony drug possession and misdemeanor drug possession. In July 2019, Petitioner pled guilty to the felony drug

charge in the 2018 case and the felony drug charge in the 2019 case and the misdemeanor charges in those cases were dismissed. In September 2019, the NCDC sentenced Petitioner to an underlying sentence of 20 months' imprisonment in the 2018 case and 20 months' imprisonment in the 2019 case, but granted probation so that Petitioner could seek drug treatment.

In 2020, the NCDC found that Petitioner had violated his probation in all three cases. The journal entries accessible online reflect that the NCDC revoked Petitioner's probation and ordered him to serve the underlying sentences, with the 10-month 2017 sentence to run concurrent to the 20-month 2018 and 2019 sentences, which were to run consecutively to each other, for a controlling sentence of 40 months in prison.

On February 5, 2021, Petitioner filed in the NCDC a motion in all three cases, seeking correction of the calculation of his jail-time credit and correction of the journal entries to reflect that the sentences in the 2018 and 2019 cases should run concurrently to each other. It does not appear that the NCDC has taken any action on the motion in any of the cases.

In August 2021, Petitioner wrote to his sentencing judge, again requesting corrected journal entries to reflect more jail-time credit and to correct which sentences were intended to run concurrently or consecutively. In September 2021, Petitioner filed in the NCDC a petition for writ of mandamus, still seeking corrected journal entries. And in January 2022, Petitioner sent the NCDC another letter, complaining that his jail credit and sentences still have not been corrected. The online records of the NCDC do not reflect that any action has been taken on Petitioner's requests.

On February 3, 2022, Petitioner filed the petition for writ of habeas corpus that is currently before this Court. (Doc. 1.) He names the NCDC as Respondent and he raises three grounds for relief, all of which center on his argument that the NCDC Court should correct the relevant state-court journal entries to reflect the correct jail-time credit and to reflect his belief that the 2018 case and the 2019 case were supposed "to be put together."[1] *Id.* at 2, 6-7, 9. As relief, Petitioner asks this Court to order the state court to release him "or correct jail credit and 10 months taken off" of his sentence, in addition to ordering the state district court to pay Petitioner's fees. *Id.* at 15.

**The nature of this proceeding**

Petitioner filed his petition on the form for petitions brought under 28 U.S.C. § 2254. (Doc. 1.) It appears, however, that Petitioner's claims are more properly brought under 28 U.S.C. § 2241. As the Tenth Circuit has explained,

> "Section 2254, in relevant part, allows a state prisoner to challenge the validity and constitutionality of a sentence he is currently serving. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). In contrast, a § 2241 petition does not oppose the sentence or conviction itself, but instead objects to the legality of how that otherwise constitutional sentence is being carried out by prison officials. *See id.* at 833; *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ('Petitions under § 2241 are used to attack the execution

---

[1] Ground One alleges that the state district court has "fail[ed] to comply [with] motions [to] reduce [and/or] correct [his] sentence." Ground Two alleges Petitioner's "false confinement due to not correcting [the] cases['] journal entry." Ground Three alleges the failure "to correct jail time."

>of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence.' (citations omitted))." *Watson v. McCollum*, 772 Fed. Appx. 675, 678 (10th Cir. 2019).

Here, it appears that Petitioner challenges only the execution of his sentence. Accordingly, liberally construing this petition, as is appropriate since Petitioner proceeds pro se, the Court will treat the petition as one brought under § 2241.

**The Respondent**

Petitioner has named the NCDC as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner, not the district court that imposed the sentence or sentences at issue. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Shannon Meyer, the current warden of Lansing Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. *See* Rule 1(b) of the Rules Governing Section 2245 Cases in the United States District Courts (allowing a federal district court to "apply any or all of these rules to a habeas corpus petition" not brought under § 2254).

**Rule 4 review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary

review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." *See* Rule 4. The Court has conducted the required review and identified the following reasons this matter is subject to summary dismissal.

### Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [a petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals and that court must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To his credit, Petitioner acknowledges that he has not

presented to the state appellate courts his argument on "correcting jail sentence . . . [because] no one else so far has responded yet." (Doc. 1, p. 12.) Once again, it is not entirely clear whether Petitioner is referring to his jail-credit argument or his argument about certain sentences running concurrently.

Either way, a federal habeas petition is not the proper avenue to compel a state district court to act on a motion or petition pending before it, nor is a federal habeas petition a proper substitute for seeking relief in state court. Rather, Petitioner must first exhaust available state-court remedies regarding the computation and execution of his sentence. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). In this case, as explained above, Petitioner has at least one motion and one petition currently pending in the state district court that appear to address the issues he raises in his habeas petition.

In addition, it appears that Petitioner may have other avenues for relief available in the state courts. Although this Court cannot provide legal advice and will not opine on the potential success of state-court proceedings, the Court notes that the Kansas Court of Appeals has recognized that a petition under K.S.A. 60-1501 is one way to challenge the calculation of jail-time credit. *See Hooks v. State*, 51 Kan. App. 2d 527 (2015). And an individual who believes that a journal entry does not accurately reflect the concurrent or consecutive nature of one or more of his sentences may file a motion in state court under K.S.A. 22-3504(b), which provides that

"[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

Petitioner is therefore directed to show cause, in writing, on or before March 11, 2022, why this matter should not be dismissed without prejudice so that Petitioner may exhaust available state-court remedies. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including March 11, 2022, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court. The clerk is also directed to substitute Shannon Meyer, Warden of Lansing Correctional Facility, as Respondent in this action.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS SO ORDERED.**

DATED:  This 11th day of February, 2022, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge