**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW R. THOMAS,**

                **Petitioner,**

     v.                                          **CASE NO. 22-3023-SAC**

**SHANNON MEYER,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus in which Petitioner contends that his sentences in multiple state cases are being incorrectly executed and the state district court refuses to issue a corrected journal entries. (Doc. 1.) As relief, Petitioner asks this Court to order the state district court to release him or correct his sentences and pay his fees. *Id.* at 15.

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). Except in specific circumstances, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

On February 11, 2022, the Court issued a Notice and Order to

Show Cause (NOSC) that directed Petitioner to show cause why this matter should not be dismissed without prejudice so that he may exhaust available state-court remedies. (Doc. 6.) The Court noted that there appear to be motions pending in state district court for relief on the issues he raises in this federal habeas matter and there appear to be other avenues for state-court relief that remain available to Petitioner.

Petitioner filed his response to the NOSC on February 18, 2022. First, Petitioner reasserts his claims regarding the sentences he believes he should be serving and he presents evidence he believes supports his claims. (Doc. 7, p. 1-2; Doc. 7-1, p. 1-4.) Petitioner then contends that he has exhausted his claims in state court because he has requested a jury trial; he has attached to his response two motions to proceed with a jury trial, neither of which has a case number, but which appear to be directed to this Court. (Doc. 7, p. 3; Doc. 7-1, p. 5, 8-9.)

Because Petitioner is proceeding pro se, the Court has liberally construed the response. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even doing so, however, Petitioner's response does not show good cause for the Court to retain this matter despite Petitioner's failure to exhaust available state-court remedies. As explained in the NOSC, a federal habeas petition is not a substitute for seeking relief in state court. Exhaustion is not required if there is no available state corrective process or circumstances exist that render such process ineffective to protect a petitioner's rights, but Petitioner's response does not demonstrate either of these situations.

In addition, Petitioner filed on February 22, 2022 a "Motion

to Request No Dismissal by U.S. Courts." (Doc. 8.) The Court liberally construes this as a second response to the NOSC. In that document, Petitioner advises the Court that he has filed additional motions for relief in the state courts, including a motion under K.S.A. 22-3504[1], and that he has retained an attorney to pursue an appeal in the state courts. This information provides more support for the Court's conclusion that Petitioner has not yet fully exhausted his claims in state court. Accordingly, the Court will dismiss this matter without prejudice so that Petitioner may do so.

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason.

---

[1] Petitioner's filing states that he filed a motion "under K.S.A. 22-3504(B) Required by United States District." (Doc. 8.) The Court wishes to make clear to Petitioner that the NOSC did not require Petitioner to file a motion under K.S.A. 22-3504; the NOSC merely pointed out that such a motion might be an avenue for Petitioner to pursue his claims in state court if he chooses to do so.

Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state-court remedies.

**IT IS SO ORDERED.**

DATED:  This 23rd day of February, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge